IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10cr192-MEF |
| | ) | |
| JOSE LUIS MARTINEZ-GUILLEN | ) | |

**REPORT AND RECOMMENDATIONS**

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. #16). Defendant asserts that the lone charge pending against him is due to be dismissed because 1) as applied to him, 18 U.S.C. § 922(g)(5)(A) violates the Second Amendment to the Constitution of the United States, and 2) § 922(g)(5)(A) is an unlawful exercise of Congress's authority to regulate interstate commerce under Article I, Section VIII, Clause III of the Constitution. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendant's Motion be DENIED.

**I.   BACKGROUND**

On October 19, 2010, Defendant was indicted on one count charging that

> [o]n or about September 21, 2010, in Montgomery County, Alabama, within the Middle District of Alabama, [Defendant], . . . then being an alien illegally and unlawfully in the United States, did knowingly possess a firearm and ammunition, in and affecting commerce, that is a Smith & Wesson, .38 caliber revolver . . . and 3 rounds of Federal .380 caliber ammunition . . . in violation of Title 18, United States Code, Section 922(g)(5)(A).

Indictment (Doc. #1) at 1. On November 16, 2010, Defendant appeared at arraignment and entered a plea of not guilty to the charge. The Order on Arraignment (Doc. #11), entered on November 16, 2010, required Defendant to file any pretrial motion, including a motion to

dismiss the indictment, by December 15, 2010. Defendant did not file any pretrial motions by the deadline. However, at a pretrial conference held on December 20, 2010, Defendant orally moved the Court to extend the deadline for filing pretrial motions to permit his filing of the instant motion. Defendant's motion was granted, and the instant motion was filed that same day. The United States filed its Response (Doc. #19) to the motion on December 23, 2010.

## II.   DEFENDANT'S ARGUMENT

As referenced above, Defendant proffers two bases for dismissing the Indictment: 1) that, as applied to him, 18 U.S.C. § 922(g)(5)(A) violates the Second Amendment to the Constitution of the United States, and 2) § 922(g)(5)(A) is an unlawful exercise of Congress's authority to regulate interstate commerce under Article I, Section VIII, Clause III of the Constitution.

With respect to Defendant's first argument, Defendant contends that the decision of the United States Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008), makes clear that § 922(g)(5)(A) is invalid because it imposes a "complete infringement of a fundamental and constitutional right." Def.'s Motion (Doc. #16) at ¶4. Defendant maintains that, after *Heller*, his "status as an undocumented alien does not justify the total abrogation of his right to keep and bear arms for the protection of his family and his home." *Id.* at ¶5.

As for Defendant's second argument, challenging the validity of ¶ 922(g)(5)(A) as an exercise of Congress's authority to regulate interstate commerce, Defendant acknowledges

that binding precedent of the United States Court of Appeals for the Eleventh Circuit "compels this Court to deny his Motion on this ground," but that he nonetheless "raises this issue so that he may pursue an appeal to the United States Supreme Court." *Id.* at ¶8.

### III. DISCUSSION

#### A. The constitutionality of ¶ 922(g)(5)(A) in light of *Heller*.

In *Heller*, the Supreme Court held that "the Second Amendment conferred an individual right to keep and bear arms[,]" but that such right "was not unlimited . . . ." 554 U.S. at 595. The Court was confronted with District of Columbia laws which "generally prohibit[ed] the possession of handguns" and required "residents to keep their lawfully owned firearms, such as registered long guns, 'unloaded and disassembled or bound by a trigger lock or similar device.'" *Id.* at 574-75. While finding that the plaintiff, a D.C. police officer, had a Second Amendment right to possess a handgun in his home for lawful purposes, such as "immediate self defense," *id.* at 635, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.[1] The Court also cautioned that "[w]e identify these presumptively lawful regulatory measures only as

---

[1] While Defendant appears to diminish the significance of this portion of the Supreme Court's opinion by labeling it "*dicta*," the Court here notes that, for the reasons rightly discussed by the United States in its Response (Doc. #19 at 3 n.2), this Court does not lightly regard Supreme Court *dicta*, particularly where, as here, the *dicta* reflects the Court's very recent ruminations on pertinent aspects of evolving law.

3

examples; our list does not purport to be exhaustive." *Id.* at 627 n.26. Hence, while *Heller* does not explicitly address § 922(g)(5)(A) or any of the other restrictions in § 922(g), the Supreme Court took special care to caution that its opinion should not be construed as casting doubt on the validity of such provisions.[2]

Both Defendant and the United States recognize that *Heller* did not "clarify the entire field" of permissible limitations on Second Amendment rights. *See* Def.'s Motion (Doc. #16) at ¶¶ 6-7; Resp. (Doc. #19) at 3. However, the parties differ, of course, on whether the precise restriction embodied in § 922(g)(5)(A) runs afoul of the Second Amendment, as explicated in *Heller*. Defendant has presented no authority for his position that the restriction is invalid. In fact, Defendant's argument has previously been rejected by this Court, *see United States v. Patel*, 2:08cr210-WKW-CSC, Memorandum Opinion and Order (Doc. #84) at 22-23 (Feb. 26, 2010) (adopting Magistrate Judge's Recommendation to deny motion to dismiss indictment alleging § 922(g)(5)(A) violation on Second Amendment grounds), and substantially every district court to have considered the issue since *Heller*. *See, e.g., United States v. Flores*, No. 10-178, 2010 WL 4720223 at *1 (D. Minn. Nov. 15, 2010) (denying motion to dismiss based on Second Amendment challenge to § 922(g)(5)(A)); *United States*

---

[2] Indeed, *Heller* has hardly proved a boon to defendants seeking to challenge their charges under various provisions of § 922(g). *See United States v. White*, 593 F.3d 1199, 1205-1206 (11th Cir. 2010) (holding that § 922(g)(9) - restricting persons convicted of misdemeanor domestic violence from possessing firearms - "is a presumptively lawful 'longstanding prohibition [] on the possession of firearms'") (quoting *Heller*, 554 U.S. at 626); *see also United States v. Seay*, 620 F.3d 919, 924-25 (8th Cir. 2010) (upholding challenge to § 922(g)(3) after *Heller* and observing that "[f]ollowing *Heller,* many defendants have argued that 18 U.S.C. § 922(g), or some subsection thereof violates the Second Amendment. To date, none have succeeded.").

*v. Yanez-Vasquez*, No. 09-40056-01-SAC, 2010 WL 411112 at *5 (D. Kan. Jan. 28, 2010) (same); *United States v. Guerrero-Leco*, No. 3:08cr118, 2008 WL 4534226 at *1-2 (W.D. N.C. Oct. 6, 2008) (same).  These representative cases, as well as others to consider the issue, have generally concluded that, drawing on the text of *Heller* and other Supreme Court cases, the Second Amendment was intended by the founders to be a right of *citizens* comprising the American political community - not merely persons physically located in the United States - and that, even assuming illegal aliens do have Second Amendment rights, § 922(g)(5)(A) represents a lawful restriction on such rights, as even *Heller* itself recognizes that the restrictions embodied in § 922(g) remain "presumptively lawful regulatory measures." *See, e.g., Yanez-Vasquez*, 2010 WL 411112 at *2-*3.

Defendant's motion presents only the conclusory argument that his "status as an undocumented alien does not justify the total abrogation of his right to keep and bear arms for the protection of his family and his home." Def.'s Mot. (Doc. #16) at ¶ 5.  In failing to provide any authority for his position or otherwise demonstrate the supposed lack of "historical justification" for § 922(g)(5)(A), Defendant's motion fails to counter in any meaningful way the weight and reasoning of the case law discussed above, which has uniformly concluded that § 922(g)(5)(A) is a "presumptively lawful" prohibition on the possession of firearms.  Accordingly, Defendant's Motion to dismiss as to this ground is due to be denied.[3]

---

[3]   Although Defendant purported to raise an "as applied" challenge with respect to this issue, Defendant failed to allege any facts in his Motion - other than alleged statements,

### B. The constitutionality of § 922(g)(5)(A) under the Commerce Clause.

Defendant also contends that § 922(g)(5)(A) constitutes an unlawful exercise of Congress's authority to regulate interstate commerce. However, Defendant also concedes that binding precedent in this Circuit forecloses his claim. Def.'s Motion (Doc. #16) at 4 (citing *United States v. Wright*, 392 F.3d 1269 (11th Cir. 2004)). Nevertheless, Defendant raises this claim "so that he may pursue an appeal to the United States Supreme Court." *Id*. The Eleventh Circuit has rejected the contention that § 922(g) somehow constitutes an invalid regulation of commerce, *see Wright*, 392 F.3d at 1280, and, because "only the Supreme Court or [the Eleventh Circuit] sitting *en banc* can judicially overrule" that decision, *id.*, Defendant's Motion to dismiss as to this ground is due to be denied.

### IV. CONCLUSION

For the reasons given above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss Indictment (Doc. #16) be DENIED. It is further

---

made by Defendant and a co-habitant at the time of his arrest, that Defendant obtained his firearm due to recent burglaries -which tend to distinguish the purportedly unconstitutional application of § 922(g)(5)(A) to him from a presumably valid application of the statute to other illegal aliens. Instead, Defendant's argument presents more of a facial challenge to the statute, and the Court has analyzed it accordingly. *See Yanez-Vasquez*, 2010 WL 411112 at *1-*2. Moreover, in order to resolve any as-applied challenge in this case, the Court would be required to make findings of fact beyond whether those facts which are alleged in the indictment are adequate to state an offense. Such determinations would require "a trial of the general issue" of guilt or innocence, and, hence, are the province of a jury. *See United States v. Pope*, 613 F.3d 1255, 1260-61 (10th Cir. 2010) (ruling that district court was unable to properly resolve defendant's pretrial motion to dismiss indictment where defendant claimed that his charge under § 922(g)(9) was unconstitutional under Second Amendment because he possessed guns only for defense of self, family, and property). Thus, the undersigned makes no recommendation as to the merit of any "as applied" challenge sought to be raised by Defendant.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by January 26, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of January, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE